UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CUEVAS,<br><br>           Plaintiff,<br><br>      v.<br><br>LA FAMILIA MARKET, LLC, *et al.*,<br><br>           Defendants. | Case No.  1:24-cv-01448-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND OBEY A COURT ORDER<br><br>(Doc. 6)<br><br>**14-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

**Background**

On November 26, 2024, Plaintiff Joshua Cuevas ("Plaintiff") initiated this action against Defendants La Familia Market, LLC and Abdo Fatah Alammari ("Defendants"). (Doc. 1). The complaint asserts claims for injunctive relief under the Americans with Disabilities Act of 1990 ("ADA"), a claim for statutory damages under California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51-53, and related state law causes of action. (*Id.*). These claims stem from alleged barriers Plaintiff encountered while visiting a grocery store business establishment owned, operated, or leased by Defendants. (*Id.* at 2, 4). No Defendant has appeared.

On November 27, 2024, the undersigned ordered Plaintiff "to show cause, in writing, no

1

later than December 12, 2024, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim" in light of the Ninth Circuit's decision in *Vo v. Choi*. (Doc. 5) (emphasis in original); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (affirming a district court's decision to decline supplemental jurisdiction over an Unruh Act claim); *see* 28 U.S.C. § 1367(c). Plaintiff was cautioned that any failure to respond may result in a recommendation to dismiss of the entire action without prejudice. (Doc. 5 at 3); Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order."); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Plaintiff was further cautioned that an inadequate response will result in the Court recommending that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and that the Unruh claim be dismissed pursuant to 28 U.S.C. § 1367(c). (Doc. 5 at 3).

Plaintiff failed to file a response to the Court's show cause order and the time do so has expired. For the reasons given below, the undersigned will recommend that the Court dismiss this action without prejudice.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is

1  required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders. Plaintiff has filed no response to the Court's order to show cause, and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to inform the Court why it should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim in light of *Vo v. Choi*, and, thus, the presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and is thus impeding the progress of this action. Therefore, the fourth factor — the

3

public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "the failure to respond may result in a recommendation to dismiss of the entire action without prejudice." (Doc. 6 at 3) (citing Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order."); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)). Plaintiff was adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions.

Accordingly, because Plaintiff has failed to comply with this Court's Local Rules and the Court's orders, and in so doing is failing to prosecute his case, the undersigned will recommend dismissal of this action.

**Conclusion and Recommendation**

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this case.

For the reasons given above, IT IS RECOMMENDED as follows:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's order.  E.D. Cal. Local Rule 110.
2. The Clerk of the Court is DIRECTED to close this case.

*Remainder of This Page Intentionally Left Blank*

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 17, 2024**

UNITED STATES MAGISTRATE JUDGE